UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED SUBCONTRACTORS, INC., d/b/a
First Choice Supply, Inc.,

                Plaintiff,

vs.                          Case No.  3:13-cv-603-J-99TJC-MCR

RANDY DARSEY, JIM ROMEKA, and
CONSTRUCTION SOLUTIONS & SUPPLY,
LLC,

                Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion to Compel

Expedited Discovery and for Sanctions (Doc. 31) filed June 18, 2013.  On June 20,

2013, Defendants filed their Response in Opposition to Plaintiff's Motion.  (Docs. 36,

37).  Accordingly, this matter is now ripe for judicial review.

## I.  BACKGROUND

On May 24, 2013, Plaintiff, United Subcontractors, Inc. d/b/a First Choice Supply,

Inc., filed a Complaint against Defendants alleging multiple causes of action and

seeking injunctive relief.  (Doc. 1).  On May 29, 2013, Plaintiff filed an emergency

motion for preliminary injunction and temporary restraining order.  (Doc. 4).  Judge

Corrigan held a telephonic hearing on the emergency motion for temporary restraining

order on May 31, 2013.  (Doc. 9).  During the hearing, counsel for the parties discussed

engaging in expedited discovery as Defendant, Jim Romeka ("Romeka"), would be out

of the country from June 13 through July 1, 2013 and counsel for Defendants, Romeka

and Construction Solutions & Supply, LLC ("CSS"), would be unavailable from June 21

through July 6, 2013.  Judge Corrigan denied the motion for temporary restraining order

and scheduled a hearing on the motion for a preliminary injunction for July 11, 2013.

He further ordered Defendants to file their response to the motion for preliminary

injunction no later than June 24, 2013.  (Doc. 10).

Counsel for Plaintiff and counsel for Defendants, Romeka and CSS, continued

their discussions regarding the expedited discovery and agreed that an expert would

travel from Atlanta to conduct a forensic examination of Romeka's cell phone and

computer, however, on June 3, 2013, counsel for Defendant stated she would not allow

the examination without a court order.  In response, Plaintiff filed an emergency motion

to expedite discovery.  (Doc. 12).

During a hearing before the undersigned on Plaintiff's emergency motion, Plaintiff

indicated that the expert was presently in Jacksonville and was available to conduct the

examination of Romeka's cell phone and computer that same day.  It was determined

that the expert would examine Defendant Romeka's cell phone and computer and

provide the retrieved documents to counsel for Romeka immediately upon his

completion of the examination.  The Court allowed counsel for Romeka until June 7,

2013 in which to review the documents and to provide the non-privileged documents to

counsel for Plaintiff.  The depositions of Romeka and the corporate representative for

CSS would be conducted on agreed-upon dates the following week.

Since that time, Plaintiff alleges that it uncovered evidence that demonstrates

Defendant was not truthful when he stated that no "shared server" was used and that CSS' payment information was maintained in QuickBooks.[1]  On June 14, 2013, Plaintiff requested to image CSS' QuickBooks server/database, and Defendant refused.  <u>See</u> (Doc. 31-H).  On June 18 2013, Plaintiff filed the instant Motion requesting that the Court allow the forensic collection of the QuickBooks server/database to go forward.  In addition, Plaintiff asks the Court to sanction Defendant for its failure to comply with its discovery obligations.  (Doc. 31).

II.   **ANALYSIS**

   A.   **Motion to Compel Production of Documents on QuickBooks Server**

   Plaintiff has served document requests upon CSS requesting, among other things, that CSS produce documentation evidencing (i) its provision of products and services competitive to those products and services offered by Plaintiff and (ii) payments made to Defendant Darsey and/or any other employee of Plaintiff.  Defendant CCS served responses to these requests stating that there were "none" known.  <u>See</u> (Doc. 31-C, ¶¶ 5, 6).  However, as above-stated, Plaintiff has since discovered that CCS' payment information was maintained in QuickBooks.

   Federal Rule of Civil Procedure 37 provides that a party, upon an opposing party's failure to permit inspection of records under Federal Rule of Civil Procedure 34, may move for an order compelling such discovery.  CSS has failed to produce

---

   [1]   Based on Romeka's representation that his computer was not connected to a server, and therefore all relevant documents would be maintained on his hard drive, Plaintiff sought to forensically image only Romeka's computer.  Romeka admitted in deposition, however, that CSS' payment information was maintained in QuickBooks, and that such information is stored on a server as opposed to his hard drive as previously represented.  <u>See</u> (Doc. 31-G, pp. 102-04).

documents from CSS' QuickBooks that are responsive to Plaintiff's document requests. As a result, CSS and Romeka may be denying Plaintiff access to relevant documentation that will support the issuance of a preliminary injunction.[2]  Accordingly, CSS is compelled to produce for inspection its financial records maintained in Quickbooks.

### B.    Sanctions For Discovery Failures

Plaintiff requests that the Court order CSS to pay its reasonable expenses incurred in making this motion for its failure to disclose the QuickBooks database during the forensic imaging process and its further failure to disclose the database or relevant documents from the database in response to Plaintiff's Rule 34 production requests. (Doc. 31, pp. 7-8).

The court "has wide latitude in imposing sanctions for failure to comply with discovery." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994).  Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate.  Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421-22 (6th Cir. 1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified.  Rickels v. City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994).  A "motion is substantially justified if it raises an issue

---

[2]      Plaintiff alleges that CSS and Romeka were installing house wrap and garage doors in violation of their noncompete obligations.  Plaintiff also maintains that CSS made at least one payment to Darsey, during Darsey's employment with Plaintiff, and has made payments to other Plaintiff's employees on several occasions after soliciting those employees to perform competitive services on behalf of CSS.  (Doc. 31, p. 6).

about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)).  Here, the Court does not consider an award of sanctions to be appropriate at this time as reasonable people could differ as to the appropriateness of Defendant's actions.  However, Defendant is cautioned that future discovery violations as well as the failure to comply with this Order may result in sanctions.  See Fed. R. Civ. P. 37.

## III.    CONCLUSION

In light of the foregoing, the Court directs the following: (1) Plaintiff may take a forensic image of the QuickBooks server/database of CSS within 48 hours of the Court's Order; (2) the parties' independent expert may run searches on the collected QuickBooks server/database based upon Plaintiff's First and Second Requests For Production of Documents to CSS and the search terms agreed-upon by the parties; (3) all parties shall bear their own costs and expenses incurred in connection with the instant Motion.

Accordingly, after due consideration, it is

**ORDERED:**

1.     Plaintiff's Emergency Motion to Compel Expedited Discovery and for Sanctions (Doc. 31) is **GRANTED in part** as provided in the body of this Order.

2.     Defendant's Emergency Motion for Leave to File Under Seal (Doc. 40) is **MOOT.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __20th__ day of June, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record