**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED SUBCONTRACTORS, INC.,

   Plaintiff,

vs.            Case No: 3:13-cv-603-J-99TJC-MCR

RANDY DARSEY, JIM ROMEKA,
CONSTRUCTION SOLUTIONS &
SUPPLY, LLC, and JAMES
GUILMETTE,

   Defendants.

_____/

**O R D E R**

  **THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Errata Sheets (Doc.

103) filed October 1, 2013. Defendants, Jim Romeka and Randy Darsey, filed a response

in opposition to this Motion on October 20, 2013.[1]  (Doc. 110).   Accordingly, the matter

is now ripe for judicial review.

**I.  BACKGROUND**

  In the instant Motion, Plaintiff asks the Court to strike the errata sheets completed

by Defendants, Jim Romeka and Randy Darsey, after their depositions conducted on

June 11, 2013 and June 18, 2013, respectively.   Plaintiff argues the errata sheets should

be stricken because they attempt to materially change the substantive testimony given by

Defendants during their depositions.   In addition, Plaintiff asks the Court to award it

_____

[1] Defendant, Darsey, also filed a Motion to file revisions to his errata sheet.   (Doc. 108).   The
Court will address that Motion by separate Order.

sanctions in the form of additional discovery as well as attorneys' fees and expenses.

Defendants respond by arguing that the errata sheets should be allowed to stand as Rule

30 of the Federal Rules of Civil Procedure permits substantive changes to deposition

testimony.   Defendants appear to concede that Plaintiff should be permitted to

re-depose them regarding their changed testimony.   (Doc. 110, pp. 8-9).

## II.  ANALYSIS

The undersigned addressed a very similar issue in its 2010 Order in Unlimited

Resources Inc. v. Deployed Res., LLC, No. 3:07-cv-961, 2010 WL 55613 (M.D. Fla. Jan.

5, 2010).   In that decision, the Court observed that the language of Rule 30(e) of the

Federal Rules of Civil Procedure permitted substantive changes to a deposition.   Indeed,

the rule provides:

> On request by the deponent or a party before the deposition is
> completed, the deponent must be allowed 30 days after being
> notified by the officer that the transcript or recording is
> available in which:
>
> > (A) to review the transcript or recording; and
> > (B) if there are changes in form or **substance**,
> > to sign a statement listing the changes and the
> > reasons for making them.

Rule 30(e)(1), Fed.R.Civ.P. (emphasis added).   Despite this language, the Court

acknowledged a split of authority on the issue of whether substantive changes are

permitted under Rule 30(e) and that the Eleventh Circuit had yet to address the issue.

Unlimited Resources, 2010 WL 55613, at *3.   The defendant urged the Court to follow

the line of cases adopting a narrow reading of Rule 30(e) and holding that absent obvious

confusion during a deposition, changes that are not the result of typographical or

2

transcriptional errors would be stricken.   Id. (citing Reynolds v. I.B.M. Corp., 320 F.Supp.2d 1290, 1301 (M.D. Fla. 2004), aff'd, 125 F.App'x. 982 (11th Cir. 2004)).   The plaintiff, on the other hand, asked the Court to adopt a broad reading of Rule 30(e) and to permit the changes.   Id.

The Court finds itself in a similar position today.   In the instant matter, Plaintiff asks the Court to adopt a narrow reading of Rule 30(e) and strike the errata sheets while Defendants request a more broad reading, allowing the errata sheets to stand.   Plaintiff attempts to distinguish the Court's ruling in Unlimited Resources by pointing out that it was decided prior to the Eleventh Circuit's decision in Norelus v. Denny's, Inc., 628 F.3d 1270, 1273 (11th Cir. 2010).   (See Doc. 103, p.13).   The undersigned has reviewed the Norelus decision and finds nothing in it indicating the Eleventh Circuit has decided that substantive changes to a deposition are not permitted.   Rather, in the Norelus decision, the court focused on the issue of sanctions against attorneys for submitting an errata sheet with 868 changes.   The court noted that submitting a "novella-length errata sheet making a slew of material changes to [a deponent's] deposition testimony was improper." Norelus, 628 F.3d at 1281.   In so holding, the court cited to numerous decisions from other circuits striking errata sheets, however, the court also cited to decisions allowing substantive changes.   Id.   The court did not make a ruling as to whether substantive changes could or could not be made to deposition testimony.   Indeed, in the Norelus case, the district court denied a motion to dismiss based upon the errata sheet and instead ordered the deposition be re-opened and that the plaintiff and/or her attorney be directed to pay the expenses of such.   See Norelus, 628 F.3d at 1278.   Accordingly, the

district court did not adopt a reading of Rule 30(e) that required the striking of any substantive changes to a deposition.   The Eleventh Circuit made no ruling on the propriety of that decision.

Therefore, the undersigned finds nothing in the holding of the <u>Norelus</u> case to change the analysis used in this Court's previous decision of <u>Unlimited Resources</u>.   In that decision, the Court was more persuaded by the line of cases adopting a broad view of Rule 30(e).   <u>See</u> <u>Unlimited Resources</u>, 2010 WL 55613, at *3 (citing <u>Liberty/Sanibel II v. The Gettys Group, Inc.</u>, No. 2:06-cv-16-FtM-29SPC, pp. 2-3 (M.D. Fla. Feb. 28, 2007) (listing cases adopting the broad view of Rule 30(e)); <u>Cultivos Yadran S.A. v. Rodriguez</u>, 258 F.R.D. 530 (S.D. Fla. 2009); <u>Purdee v. Pilot Travel Centers, LLC</u>, No. 4:07-cv-028, 2007 WL 3143716 (S.D. Ga. Oct. 23, 2007)).   The Court explained the decision to adopt a broad reading of the Rule was influenced by the text of the Rule, which explicitly refers to changes in substance.   <u>Id.</u>   Additionally, the Court found persuasive the safeguards used by many of the courts adopting a broad interpretation of the Rule to prevent abuse, such as: (1) allowing the original deposition answers to remain part of the record and to be read at trial and (2) permitting the reopening of the deposition to address the changes and requiring the party making the changes to bear the costs of the reopening of the deposition.   <u>Id.</u>

The undersigned believes those safeguards are necessary in the instant case as well.   Accordingly, the Court will permit Plaintiff to re-depose both Mr. Romeka and Mr. Darsey regarding the amended answers provided in the errata sheet, at Defendants' expense, at a mutually agreeable time on or before **November 22, 2013**.   Additionally,

4

the Court recommends to the district judge that both versions of the depositions, including the errata sheets, be permitted to be read at trial, to the extent permitted by the Federal Rules, so that the trier of fact may determine the reliability of the testimony.

Finally, the Court will also deny Plaintiff's request that sanctions be imposed.   As the Court finds Defendants were permitted to make substantive changes to their deposition testimony, neither Defendants nor their counsel has engaged in sanctionable conduct.   The Court will, however, take this opportunity to caution counsel for both parties to ensure they conduct themselves in a professional manner.   The correspondence between counsel reviewed by the undersigned and the tone of the filings with the Court do not reflect the sort of courtesy and professionalism expected by attorneys practicing before this Court.   If necessary, the Court will not hesitate to sanction any counsel behaving in either an unreasonable or unprofessional manner.

Accordingly, after due consideration, it is hereby

**ORDERED**:

1.      Plaintiff's Motion to Strike Errata Sheets (Doc. 103) is **DENIED** except to the extent provided in this Order.

2.      The depositions of Jim Romeka and Randy Darsey may be reopened, at Defendants' expense, for Plaintiff to inquire into the changes made to the deponents' testimony.[2]

---

[2] As counsel for Defendants points out, the deposition of Mr. Romeka was left open by the parties. The Court agrees that Mr. Romeka should only be required to pay for the portion of his deposition spent on questioning regarding the changes made to his previous testimony.   The Court, while not optimistic, is hopeful the parties will negotiate a method for determining how much Defendant

**DONE** and **ORDERED** in Jacksonville, Florida this ___24th___ day of October, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

should pay without further Court intervention.