UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED SUBCONTRACTORS, INC.,

    Plaintiff,

vs.                                Case No:  3:13-cv-603-J-99TJC-MCR

RANDY DARSEY, JIM ROMEKA,
CONSTRUCTION SOLUTIONS &
SUPPLY, LLC, and JAMES
GUILMETTE,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant, Randy Darsey's Motion to File Revisions to Errata Sheets (Doc. 108) filed October 15, 2013.  Plaintiff filed its response in opposition to this Motion on November 1, 2013.  (Doc. 114).  Accordingly, the matter is now ripe for judicial review.

## I.  BACKGROUND

Defendant, Randy Darsey ("Darsey"), seeks leave to file a revised errata sheet to his deposition transcript.  Darsey's deposition was taken June 18, 2013.  Thereafter, on July 26, 2013, Darsey filed an errata sheet with the Court.  (Doc. 88).  Plaintiff objected to the errata sheet and in response, Darsey filed a notice of filing a revised errata sheet. (Doc. 101).  Ostensibly, Darsey filed this revised errata sheet to address some of Plaintiff's objections and to provide complete reasons for the changes he made to his deposition testimony.  On October 1, 2013, Darsey withdrew the revised errata sheet. (Doc. 102).   That same day, Plaintiff filed a motion to strike the errata sheets of both

Darsey and Jim Romeka (Doc. 103), on the grounds that Defendants made substantive changes to their testimony and such were not permitted. The undersigned disagreed and denied the motion to strike. (Doc. 112).

After Plaintiff filed the motion to strike, Darsey filed the instant motion seeking leave to file the revised errata sheet. Darsey states that he inadvertently failed to provide sufficient reasons for his changes with respect to the first errata sheet. Thereafter, once Plaintiff pointed this out, Darsey filed the revised errata sheet. Upon realizing that he should have sought leave of Court prior to filing the revised errata sheet, Darsey withdrew the revised errata sheet and filed the instant motion. Plaintiff takes the position that the motion should be denied because Darsey failed to comply with Local Rule 3.01(a) in that the motion does not include a memorandum of law. Additionally, Plaintiff asks the Court to deny the motion because Darsey failed to show good cause or excusable neglect for the untimely filing of the revised errata sheet.

## II. ANALYSIS

Plaintiff is correct that Darsey's motion fails to comply with the requirements of Local Rule 3.01(a) in that it does not include a memorandum of law citing to relevant legal authority. Further, Plaintiff is correct that this is not the first time counsel for Defendants has failed to comply with the Local Rules of this Court. Nevertheless, the Court is not inclined to deny the motion on this basis alone. However, the Court will caution counsel for Defendants that any future failures to comply with the Local Rules will result in the offending document being denied and/or stricken.

Plaintiff also argues the instant motion is due to be denied because Darsey has not shown good cause or excusable neglect for his failure to timely file a proper errata

sheet. To the extent Plaintiff argues the original errata sheet was untimely, the Court does not agree. Counsel for Darsey stated that she did not order the deposition transcript on an expedited basis and therefore, did not receive a copy of it until it was emailed to her on June 28, 2013. The Court will accept counsel's representation, as an officer of the Court, and finds that the original errata sheet was timely filed. However, even though it was timely filed, the original errata sheet nevertheless failed to comply with the requirements of Rule 30(e), which specifies that a deponent must be granted thirty (30) days to review a deposition transcript and, if there are changes to be made to the transcript, "to sign a statement listing the changes **and the reasons for making them**." Rule 30(e)(1)(A) and (B), Fed.R.Civ.P. (emphasis added). As Darsey admittedly failed to provide sufficient reasons, the errata sheet filed on July 26, 2013 (Doc. 88) did not comply with the requirements of Rule 30(e) and Plaintiff's attempt to cure this deficiency via the instant motion must fail.

The situation in the instant case is analogous to that in In re Kugel Mesh Hernia Repair Patch Litigation, MDL No. 07-1842, 2010 WL 678092 (D. R.I. Feb. 24, 2010). In In re Kugel, two deponents, employees of the defendants, submitted errata sheets within the thirty day time period after their depositions as required by Rule 30(e), however, the errata sheets did not provide any reasons for the proposed changes. Id. at *1. After consultation with opposing counsel, defendant submitted supplemental errata sheets providing reasons for the changes. Id. These supplemental sheets were provided well outside the thirty day time period. Id. Plaintiffs moved to strike the supplemental errata sheets because the reasons were not provided in a timely fashion. Id. The defendants opposed the motion to strike, arguing that because the plaintiffs

failed to show any prejudice, the supplemental errata sheets should not be stricken. Id. The court agreed with the plaintiffs and granted the motion to strike the supplemental errata sheets. Id. In so doing, the court observed:

> The language of [Rule 30(e)] places only two restrictions on changes to a deposition: (1) the changes must be made within 30 days after notification that the transcript is available for review, and (2) the deponent must give reasons for changes "in form or substance."

Id. (quoting Reilly v. TXU Corp., 230 F.R.D. 486, 487 (N.D. Tex. 2005)). The court went on to note that strict compliance with these two requirements is necessary, stating: "[t]he Rule is clear as written. It requires that the errata sheet be provided within thirty days and that such sheet include reasons for the proffered changes." Id. at *2. As the timely errata sheets in that case did not include reasons for the changes, the court determined they should be stricken. Id. The court declined "Defendants' invitation to read a 'no prejudice' exception into Rule 30(e) and to engage in a subjective analysis of whether or not to hold a party to the plain requirements of the Rule." Id.

Likewise, the Eleventh Circuit has noted a requirement of "strict compliance with [Rule 30(e)'s] procedural requirements." Norelus v. Denny's, Inc., 628 F.3d 1270, 1304 (11th Cir. 2010) (Tjoflat, dissenting). As Darsey failed to comply with the procedural requirements of Rule 30(e) and has failed to provide any authority supporting a contrary ruling, the undersigned believes the instant motion is due to be denied. Accordingly, Darsey will not be permitted to file a supplemental errata sheet and because the timely filed sheet (Doc. 88) failed to comply with Rule 30(e), it should be stricken. Thus, there is no errata sheet for Darsey's deposition. Accordingly, the Court's October 24, 2013 Order (Doc. 112) denying Plaintiff's Motion to Strike is hereby amended to show that Darsey's deposition will not be re-opened.

- 5 -

Accordingly, after due consideration, it is

**ORDERED:**

Defendant, Randy Darsey's Motion to File Revisions to Errata Sheets (Doc. 108) is **DENIED**.  The errata sheet filed July 26, 2013 (Doc. 88) is hereby **STRICKEN**.

**DONE** and **ORDERED** in Jacksonville, Florida this  5th  day of November, 2013.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record