**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED SUBCONTRACTORS, INC.,

    Plaintiff,

v.                                                 Case No: 3:13-cv-603-J-32MCR

RANDY DARSEY, JIM ROMEKA,
CONSTRUCTION SOLUTIONS &
SUPPLY, LLC, and JAMES
GUILMETTE,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery and for Sanctions (Doc. 134) filed December 16, 2013. Defendants, Randy Darsey, Jim Romeka, and Construction Solutions & Supply, LLC, filed their response to this Motion on January 6, 2013. (Doc. 138). Accordingly, the matter is now ripe for judicial review.

**I.    INTRODUCTION**

In the instant Motion, Plaintiff seeks an order directing Defendants to file responses to its second and third discovery requests as well as directing Defendants to supplement their responses to several of Plaintiff's first requests for production of documents. In addition, Plaintiff seeks sanctions in the form of its costs for bringing the instant Motion.

Defendants respond that as of December 23, 2013 and December 27, 2013, they have fully responded to Plaintiff's discovery, with the exception of Mr. Romeka's tax returns, which will be produced at his deposition. Defendants ask the Court to decline

to impose sanctions as counsel for Plaintiff failed to properly confer with counsel for Defendants prior to filing the instant Motion.

## II.     ANALYSIS

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore, embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant matter, it appears Defendants have now, albeit in an untimely manner, responded to the outstanding discovery propounded by Plaintiff.  The only exception appears to be Mr. Romeka's tax returns, which Mr. Romeka states will be produced at his deposition.  As Defendant Romeka has provided no reason why the tax returns cannot be produced immediately and the Court believes Plaintiff should be permitted to review them prior to the deposition, the Court will direct Defendant Romeka to produce the requested tax returns no later than **Friday, January 17, 2014**.

As for Plaintiff's request for sanctions, although counsel for Plaintiff states in his Certificate of Conciliation that he conferred with opposing counsel in a good faith effort to resolve the issues raised in the instant motion, the Court is concerned about the quality of these "conferences" and whether there was a genuine "good faith" effort to resolve the issues raised in the Motion without court action. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000). Here, the only communications appear to be by letter and email. Indeed, the last communication provided to the Court reveals that counsel for Defendants acknowledged that her clients were late in responding to the discovery requests and indicated that she believed she could have the responses ready by December 21, 2013. (Doc. 134, Ex. I). It does not appear that Plaintiff responded to this communication, but instead, filed the instant Motion on December 16, 2013.

The undersigned believes the issues raised in this Motion could have and should have been resolved without Court intervention. While the Court can understand counsel for Plaintiff's desire to obtain the discovery as soon as possible, counsel for Plaintiff has provided no explanation as to why it was impossible to wait a few more days for the discovery. Indeed, it is clear Plaintiff needs the discovery responses in order to be prepared for the deposition of Mr. Romeka, however, three days prior to filing the instant

Motion, the Court granted the parties an extension to February 3, 2014 in which to complete that deposition. (Doc. 136).

Furthermore, while the Court agrees with Plaintiff that discovery in this case has not proceeded smoothly, that there has been much delay, and can sympathize with counsel for Plaintiff's frustration, it does not find Defendants acted unreasonably. Accordingly, the Court does not believe sanctions are appropriate at this time. The Court is hopeful that the parties will be able to conduct the remaining discovery in this case "with a spirit of cooperation and civility" as the Middle District Discovery Handbook instructs.

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion to Compel Discovery and for Sanctions (Doc. 134) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

**DONE** and **ORDERED** in Jacksonville, Florida this 8th day of January, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record