**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED SUBCONTRACTORS, INC.,

     Plaintiff,

vs.                                Case No. 3:13-cv-603-J-32MCR

RANDY DARSEY, JIM ROMEKA,
CONSTRUCTION SOLUTIONS &
SUPPLY, LLC, and JAMES GUILMETTE,

     Defendants.

---

**ORDER**

**I.**    **The Preliminary Injunction**

The parties agreed upon a preliminary injunction, which was entered by the Court on July 18, 2013. (Doc. 82). That preliminary injunction prohibited Defendants Randy Darsey ("Darsey"), Jim Romeka ("Romeka"), and Construction Solutions & Supply, LLC ("CSS") from accepting business from or otherwise interfering with Plaintiff's relationship with any of its present customers or accounts with respect to "Restrictive Products". (Doc. 82 at 2). Since the parties could not agree as to whether window taping was a Restrictive Product, a compromise was struck in which Defendants were prohibited from rendering the sale or installation of window taping, except for named past and existing customers who required the window installer to tape the windows. (Doc. 82 at 3). In the event that Defendants identified additional customers who required the window installer to also tape the windows, counsel for the parties agreed to confer, and submit the matter to the Court if they proved unable to agree. (Doc. 82 at 3).

On October 11, 2013, Defendants Randy Darsey, Jim Romeka, and CSS moved to

add Richmond American Homes ("RAH") to the list of customers for whom Defendants

could provide window taping services. (Doc. 105). Plaintiff opposed this motion, but did not

contest the fact that RAH now requires window installers to tape the windows. (Doc. 113).

Plaintiff also filed a motion seeking an order asking Darsey, Romeka, and CSS to

show cause why they should not be held in contempt for alleged violations of the

preliminary injunction. (Doc. 109). Plaintiff alleges that Darsey, on behalf of CSS,

attempted to acquire RAH's window taping business in violation of the preliminary

injunction. (Doc. 109 at 13). Plaintiff further argues that Defendants have violated the

preliminary injunction by accepting an account of First Choice. (Doc. 109 at 15). Yet, there

is no evidence that Defendants have yet accepted RAH as a customer, or done anything

other than file a motion with this Court for leave to add RAH as a customer. Despite

Plaintiff's allegations that Defendants have solicited RAH's business or otherwise

attempted to acquire it, RAH's purchasing manager has stated that no one from CSS

solicited the change in RAH policy. (Doc. 109-11 at 3). Plaintiff's Motion for Contempt is

therefore denied as there is no evidence that Defendants violated the terms of the

preliminary injunction by soliciting or accepting the business of RAH.

As for whether RAH may be added to the list of customers for whom Defendants

can provide window taping services, this Court applies principles of contract construction

in interpreting the parties' agreement as memorialized in the preliminary injunction. See

Sierra Club v. Meiburg, 296 F.3d 1021, 1029 (11th Cir. 2002). The plain meaning of the

preliminary injunction indicates that the decision to add RAH is a discretionary decision left

to this Court.

Plaintiff argues that Paragraph 5 of the preliminary injunction bars the addition of

RAH because it bars Defendants from accepting business from any customer of Plaintiff with respect to Restrictive Products. (Doc. 113 at 10-11). However, the same preliminary injunction memorializes the parties' disagreement over whether window taping constitutes a Restrictive Product. (Doc. 82 at 3). Therefore, the parties came to a compromise, which the Court entered in the preliminary injunction. Where "additional customers are identified by Defendants as requiring the window installer to also tape the windows" and the parties cannot agree upon a resolution, the matter is submitted to the Court for resolution. (Doc. 82 at 3). The injunction is silent on how the Court should make this decision. (Doc. 82 at 3).

Plaintiff argues that the "additional customers" exception only applies to customers with window taping requirements pre-dating the preliminary injunction. (Doc. 130 at 2). This requirement is not, however, present in the injunction. (Doc. 82 at 3).

Plaintiff next argues that, even if RAH is an "additional customer", the Court should use its discretion to forbid their addition to Defendants' customer list because window taping is a Restrictive Product as defined in the preliminary injunction and the Asset Purchase Agreement between Plaintiff and CSS and Romeka, which is at the center of this litigation. (Doc. 130 at 4). The preliminary injunction, however, notes that there has not been a decision regarding whether window taping is a Restrictive Product. (Doc. 82 at 3). The Asset Purchase Agreement also does not clearly define whether window taping is or is not a Restrictive Product. (Doc. 111-1).

There is, therefore, a clean slate for this Court to determine whether Defendants should be permitted to perform window taping services for RAH, or whether the Court should instead effectively enter a preliminary injunction barring those services. A

preliminary injunction is appropriate where a movant demonstrates a substantial likelihood of success on the merits, that they will suffer irreparable injury absent preliminary relief, that the harm they will suffer outweighs any harm its opponent will suffer as a result of an injunction, and that the injunction would not disserve the public interest. Scott v. Roberts, 612 F.3d 1279, 1290 (11th Cir. 2010).

It is undisputed that RAH now requires window installers to provide window taping. (Doc. 107 at 7). In other words, RAH will now have all window taping services done by its window installers. Plaintiff is not permitted to compete with Defendants in the window installation business per the terms of the Asset Purchase Agreement. (Doc. 111-1 at 3, 6). RAH is and has been a window installation customer of Defendants. (Doc. 105 at 7). As Plaintiff is therefore forbidden from acquiring RAH's window installation business, it has already lost RAH's window taping business for as long as RAH lumps together window taping with window installation. (See Doc. 111-1). Plaintiff therefore cannot show that its harm suffered from the absence of preliminary relief will outweigh the harm Defendants would suffer from an injunction, losing RAH's window installation and taping business. As such, Defendants can add RAH to the list of customers for whom it can provide window taping services.

Importantly, this is only a determination that the preliminary injunction does not bar Defendants from performing window taping for RAH during the pendency of this suit. This decision is not a final determination that Defendants can provide window taping under the terms of the Asset Purchase Agreement for anyone. Moreover, the Defendants are still bound by the terms of the injunction, and continue to be unable to perform window taping for any business not exempted under the terms of the preliminary injunction. Further,

4

Defendants may not solicit customers to now require window taping with their window installation.

## II.   Plaintiff's Motion to Amend the Preliminary Injunction

Plaintiff moved to modify the terms of the existing preliminary injunction to incorporate paragraphs 6(a) and (c) of Darsey's Confidentiality and Non-Compete Agreement. (Doc. 109 at 2). Plaintiff's motion, however, focuses primarily upon its request for contempt, and the argument section of the motion only mentions the need to modify the existing injunction in a few sentences. (See Doc. 109 at 12-19). Instead, Plaintiff saved its arguments for its Reply, to which Defendants did not have a chance to respond. (Doc. 130). If Plaintiff believes that Darsey is not complying with his non-compete agreement, that the current preliminary injunction is insufficient, or that a further preliminary injunction is needed, it should file a separate motion seeking appropriate relief.

Accordingly, it is hereby

**ORDERED**:

1.   Defendants' CSS, Romeka & Darsy (sic) Motion to Expand Allowable Customers on Preliminary Injunction Regarding Window Taping (Doc. 105) is **GRANTED**. The preliminary injunction is amended to include RAH in the list of customers for whom Defendants may perform window taping services.

2.   Plaintiff's Motion for Contempt (Doc. 109) is **DENIED**.

3.   Plaintiff's Motion to Modify Terms of Preliminary Injunction Order (Doc. 109) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on this 10th day of

January, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

W.
Copies:
Counsel of Record

6