**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED SUBCONTRACTORS, INC.,
d/b/a FIRST CHOICE SUPPLY, INC.,

        Plaintiff,

v.                                              Case No.3:13-cv-603-J-32MCR

RANDY DARSEY, JIM ROMEKA,
CONSTRUCTION SOLUTIONS &
SUPPLY, LLC, and JAMES
GUILMETTE,

        Defendants.

**ORDER**

This case is before the Court on Defendant Randy Darsey's Objection to Non-Dispositive Order by Magistrate. (Doc. 126). On June 18, 2013, Randy Darsey's deposition was taken. (Doc. 74). Darsey thereafter filed an errata sheet with the Court. (Doc. 88). After Plaintiff objected, Darsey filed a revised errata sheet to provide more fully the reasons for the changes in the errata sheet. (Doc. 101). After realizing that this filing was late, Darsey withdrew the revised errata sheet. (Doc. 102). Plaintiff moved to strike Darsey's original and revised errata sheets. (Doc. 103). The magistrate judge denied this motion. (Doc. 112). In between Plaintiff's motion to strike and the magistrate judge's ruling, Darsey moved for leave to file a revised errata sheet. (Doc. 108). Plaintiff filed a response in opposition. (Doc. 114). On November 5, 2013, the magistrate judge denied Darsey's motion for leave to file a revised errata sheet and struck the original errata sheet. (Doc. 117). Darsey timely objected to that order. (Doc. 126).

Magistrate judges may issue orders on non-dispositive pre-trial matters. 28 U.S.C. § 636(b)(1)(A) (West 2006). However, the district court may reconsider any decision of the magistrate judge where the decision was clearly erroneous or contrary to law. Id.

A deponent must be allowed thirty days to sign a statement listing any changes in form or substance to his deposition, and provide the reasons for making those changes. FED. R. CIV. P. 30(e). Here, the magistrate judge ruled that, because "Darsey admittedly failed to provide sufficient reasons, the errata sheet filed on July 26, 2013 (Doc. 88) did not comply with the requirements of Rule 30(e)" and therefore was due to be stricken. (Doc. 117 at 3).

Darsey contends that a judge need not examine the legitimacy of the reasons for changes to a deposition, and cites to case law suggesting that the Federal Rules only require a reason, not a convincing reason, for the changes. (Doc. 126 at 6). Darsey also emphasizes that he never admitted that his errata sheet failed to provide sufficient reasons, instead reminding the Court that he only stated that he sought to revise his errata sheet to provide more explanation for the reasons. (Doc. 126 at 2).

Before reaching a discussion of the sufficiency of the reasons given for Darsey's changes, there is an important preliminary question regarding whether an errata sheet making substantive changes is permitted. There is a split of authority over whether substantive changes to deposition testimony are permitted in the absence of confusion during the deposition. Compare Jakobot v. Am. Airlines, Inc., 10-61576-CIV, 2011 WL 2457915, at *4 (S.D. Fla. June 20, 2011); ChemFree Corp. v. J. Walter, Inc., CIV. 1:04-CV-3711-JT, 2008 WL 5234247, at *4 (N.D. Ga. Sept. 30, 2008) with Unlimited Res. Inc. v.

2

Deployed Res., LLC, 3:07-cv-961-J-25MCR, 2010 WL 55613, at *3 (M.D. Fla. Jan. 5, 2010); Cultivos Yadran S.A. v. Rodriguez, 258 F.R.D. 530, 533 (S.D. Fla. 2009).

The undersigned has previously endorsed the view that substantive changes in deposition testimony are impermissible unless obvious confusion justifies the alterations. Reynolds v. Int'l Bus. Machines Corp., 320 F. Supp. 2d 1290, 1300-01 (M.D. Fla. 2004) aff'd sub nom. Reynolds v. IBM, 125 F. App'x 982 (11th Cir. 2004). Subsequently, the Eleventh Circuit has determined that the submission of an errata sheet with a slew of material changes is improper. Norelus v. Denny's, Inc., 628 F.3d 1270, 1281-82 (11th Cir. 2010) (citing approvingly those cases that prohibit material changes to deposition testimony, but recognizing opinions from other circuits taking a broader view of Rule 30(e)).

Here, Darsey made sixty-six changes to his deposition testimony. (Doc. 88). The changes were material, including changing answers from "yes" to "no". (Doc. 88-1 at 1; Doc. 74-1 at 336). Darsey provides no reason as to why he might have been confused at the deposition and the questions at issue appear to be quite clear. For example, Darsey was asked whether he ever did anything to help Construction Solutions & Supply, LLC with sales. (Doc. 74-1 at 109). Darsey asserted that his only involvement related to windows. (Doc. 74-1 at 109). Plaintiff's counsel followed up three times, asking, "Just windows?", "Nothing else?", and, "You never helped them with any other aspect of their business?". (Doc. 74-1 at 109). Each time he was asked, Darsey reiterated that his only involvement was with windows. (Doc. 74-1 at 109). In his errata sheet, however, Darsey states that he also helped with gutters, screen rooms, and fireplaces. (Doc. 88-1 at 5). The only reason given for the change is, "Accuracy". (Doc. 88-1 at 5).

3

Submitting an errata sheet with a slew of material changes is improper absent confusion at the deposition. As Darsey attempted to submit just such an errata sheet, the sheet was due to be stricken.

Accordingly, it is hereby

**ORDERED**:

Defendant's Objection to Non-Dispositive Order (Doc. 126) is **DENIED**. Although this Court's reasoning may be slightly different than the Magistrate Judge's, the Magistrate Judge's ultimate decision to strike Darsey's original and revised errata sheets was neither clearly erroneous nor contrary to law, and, indeed, was correct.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of January, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

W.
Copies:

Counsel of record

Honorable Monte C. Richardson
United States Magistrate Judge